**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Larry K. Rakes, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-44 |
| | ) | |
| Halsted Financial Services, LLC, an | ) | |
| Illinois limited liability company and | ) | |
| LVNV Funding, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Larry K. Rakes, III, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendant's extensive business dealings here make them subject to this Court's general and specific jurisdiction.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant Halsted resides here, and both Defendants transact substantial business here.

**PARTIES**

3. Plaintiff, Larry K. Rakes, III ("Rakes"), is a citizen of the State of Maryland, from whom Defendants attempted to collect a defaulted consumer debt that he allegedly owed for a Credit One Bank credit card account, despite the fact that he had exercised

his rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Halsted Financial Services, LLC ("Halsted"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. From its offices in Skokie, Illinois, Defendant Halsted operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in virtually every state. In fact, Defendant Halsted was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC, ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. LVNV operates a nationwide defaulted debt collection business, and attempts to collect debts, directly or indirectly, from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debts Defendants attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that obtains/buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by

others.

7.  Defendants Halsted and LVNV are authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct extensive business in Illinois.

## FACTUAL ALLEGATIONS

8.  Mr. Rakes is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed to Credit One Bank. At some point in time after this debt went into default, Defendant LVNV allegedly bought Mr. Rakes' Credit One Bank account, and Defendants then began trying to collect it from him by having Defendant Halsted send Mr. Rakes a collection letter, dated August 27, 2019. Mr. Rakes then sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Defendants' collection actions. A copy of this collection letter is attached as Exhibit B.

9.  Accordingly, on September 11, 2019, one of Mr. Rakes' legal aid attorneys at LASPD informed Defendants that Mr. Rakes was represented by counsel, and directed them to cease contacting him, and to cease all further collection activities, because Mr. Rakes was forced, by his financial circumstances, to refuse to pay his unsecured debt. A copy of this letter is attached as Exhibit C.

10. Nonetheless, Defendants then sent Mr. Rakes another collection letter, dated October 15, 2019, demanding payment of the Credit One Bank debt. A copy of this letter is attached as Exhibit D.

11. Accordingly on October 28, 2019, Mr. Rakes' legal aid attorney had to

3

send Defendants yet another letter, again directing that communications and collections cease. A copy of this letter is attached as Exhibit E.

12. Undeterred, Defendants sent Mr. Rakes yet another collection letter dated November 7, 2019, demanding payment of the Credit One Bank debt. A copy of this letter is attached as Exhibit F.

13. Defendants' violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that he had the right to refuse to pay this debt and to demand that collection communications cease, Defendants' collection communications made Plaintiff believe that his demands had been futile and that he did not have the rights Congress had granted him under the FDCPA.

14. Moreover, violations of the FDCPA which would lead a consumer to alter his course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendants' actions caused Plaintiff to question whether he was still represented by counsel as to this debt. This caused Mr. Rakes to be confused, alarmed and distressed.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17.    Plaintiff adopts and realleges ¶¶ 1-16.

18.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

19.    Here, the letters from Plaintiff's attorneys to Defendants told Defendants to cease communications and cease collections. By directly communicating with Plaintiff regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20.    Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21.    Plaintiff adopts and realleges ¶¶ 1-16.

22.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

23.    Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with his debt because his attorneys had given

notice in writing, to Defendants, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff collection letters, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Larry K. Rakes, III, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Rakes and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Larry K. Rakes, III, demands trial by jury.

Larry K. Rakes, III,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: January 3, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com